## Reuben W. Coon. Appellant, v. F. H. Holtz et al., Appellees.

### Gen. No. 4,931.

1. Equity Practice—*power to require bill of particulars.* Upon reference of an equitable cause to a master to state an account between the parties, the court or master may require the parties to file bills of particulars or written classified statements of disputed items, in order that the issues upon the amount may be narrowed

down; but until the case has reached that stage, it is not within the power of the court to require the filing of a bill of particulars.

2. EQUITY PLEADING—*character of allegations required.* A demurrer should be sustained to a bill of complaint, the material allegations of which are vague and uncertain.

3. JURISDICTION—*when court will not take.* Courts of chancery will not take jurisdiction of a cause where it appears from the face of the bill that jurisdiction of the subject-matter thereof has already been properly assumed by another court of this State.

Bill of interpleader. Appeal from the Circuit Court of Lake County; the Hon. R. W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

LAUDER, KING & GAGE, for appellant.

ORVIS & EDWARDS, for appellee; PAUL MACGUFFIN, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

On January 21, 1907, appellant filed in the Circuit Court of Lake county a bill of interpleader against F. H. Holtz, Lucius J. M. Malmin, Frank C. Delamater, The Security Loan & Building Association of Chicago and the A. R. Beck Lumber Company of Chicago. The bill stated that on July 6, 1903, appellant received from Hiram Coombs a sum of money due on a note signed by Coombs payable to S. Delamater and before then transferred to F. C. Delamater; that there were then pending certain garnishment suits concerning said note which were afterwards dismissed; that appellant paid to parties claiming the same and expended on the order and request of said parties a considerable sum of money, leaving in his hands $1,340.12; that Holtz claims said money; that in March, 1905, a garnishment suit was begun in the Superior Court of Cook county against Holtz and appellant by H. Rose Delamater and F. C. Delamater for the use of the A. R. Beck Lumber Company, and another like suit in the Circuit Court of Cook county by F. C. Delamater for the use of the Security Loan & Building Association, charging that Holtz and appellant or one of

them had in their possession money belonging to F. C.
Delamater; that on March 15, 1905, the A. R. Beck Lumber Company filed a creditor's bill in the Circuit Court of
Cook county against Holtz and appellant, also seeking to
recover money or assets belonging to F. C. Delamater; that
in each of said cases Malmin is the solicitor and attorney
for the plaintiffs and complainant, and that he claims to be
the owner of the judgments upon which said garnishment
suits are based and the assignee thereof, and claims said
money as assets of F. C. Delamater; that appellant has re-
peatedly and vainly urged Malmin to bring said creditor's
bill to a hearing; that Holtz and Malmin threaten to begin
various suits against appellant for the purpose of harassing
him; that he has always been ready to pay said $1,340.12
to the person lawfully entitled to receive the same, and offers
to bring it into court. Appellant made proper allegations
of the absence of collusion on his part. He prayed that he
might pay said sum into court, and that the parties might
be required to interplead and adjust their demands in refer-
ence thereto. Holtz and Malmin demurred to the bill.
Said demurrer was overruled. Holtz and Malmin then en-
tered their motion for a bill of particulars, and appellant was
ruled to file a bill of particulars by next morning and, fail-
ing to comply with that order, his bill of complaint was
dismissed. Complainant appeals from that decree, and as-
signs that the court erred in ruling him to file a bill of
particulars and in dismissing the bill. Holtz has assigned
cross-errors upon the action of the court in overruling the
demurrer to the bill.

Upon a reference of an equitable case to a master to state
an account between the parties, the court or master may
require the parties to file bills of particulars or written
classified statements of disputed items, in order that the
issues upon the account may be narrowed down. Remsen
v. Remsen, 2 Johns. Chy., 495, 501; Patterson v. Johnson,
113 Ill., 559, 580. But this case had not reached that
stage. It was held in Cornell v. Bostwick, Paige Chy., 160,
that the defendant in a suit in chancery is not entitled to

a bill of particulars before answering. The authorities relied upon by appellees are actions at law and criminal causes, and are not applicable. We are of opinion that the court should not have dismissed the bill for failure to file a bill of particulars before answering. We also conclude that the cross-errors are well assigned.

First. The allegations of the bill upon material matters are exceedingly vague and indefinite, and the reasons which no doubt induced the court to grant a bill of particulars should have caused the court to sustain the demurrer. Appellant does not state in the bill how much money he received, how much money he paid out, to whom he paid it, how much money he expended nor on whose order and request. Apparently the purpose of the bill was to preclude an inquiry into these matters, and to permit the parties to litigate only concerning the sum which he admitted he still had in his hands. We are of opinion he should have been required to state the facts.

Second. The bill showed that there had been pending against him in the Circuit Court of Cook county for about one year and nine months a creditor's bill, wherein a decree was sought against him concerning this same money. Under the allegations of the bill before us the Circuit Court of Cook county has jurisdiction of appellant and of the fund which he holds. His excuse that the solicitor in that case fails to bring it to trial is invalid. If there is improper delay in that respect he can apply to that court to set the case down for hearing. It may be that for his complete protection it is essential that H. R. Delamater, F. C. Delamater, the Security Loan and Building Association and Malmin should also be defendants in that suit in equity in the Circuit Court of Cook county. If they are not defendants there, appellee can take such steps in that cause as will compel the complainant there to bring before that court all parties who can have any interest in the fund. This appears to be an attempt by appellant to escape the jurisdiction of the Circuit Court of Cook county in said creditor's bill. That court having first acquired jurisdiction of ap-

pellant and of the fund, it is entitled to retain it till the decree. The comity of courts requires the Circuit Court of Lake county not to take jurisdiction. Of course, if appellant has not been served with summons in that case and has not appeared therein, and if no jurisdiction has been obtained over him or over the fund by the Circuit Court of Cook county in said creditor's suit, then a very different question arises. But as appellant avers that he has repeatedly urged Malmin to bring that cause to trial, the just inference against the pleader is that he has been subjected to the jurisdiction of that court.

The decree of the court below is therefore reversed on errors and cross-errors. Each party will pay the costs made by such party in this court. The cause is remanded to the court below for such further proceedings as to equity appertain, not inconsistent with the opinion of this court.

*Reversed on errors and cross-errors and remanded.*